United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff/Respondent, § <br> § <br> v. § <br> § <br> OLOTIN ALFRED ALATAN, § <br> § <br> Defendant/Petitioner. § | CRIMINAL NUMBER H-19-0633-01 <br> (CIVIL ACTION NO. H-24-1096) |

### MEMORANDUM OPINION AND ORDER

Olotin Alfred Alatan ("Defendant") was convicted of health care fraud offenses and sentenced to 120 months in prison.[1] Pending before the court is Defendant's Rule 60(b) Motion to Reopen § 2255 Proceedings ("Defendant's Motion to Reopen") (Docket Entry No. 410). The United States has filed a Memorandum Opposing Rule 60 Motion (Docket Entry No. 417), and Defendant has filed Movant's Reply in Support of Rule 60(b) Motion to Reopen § 2255 Proceedings (Docket Entry No. 420). For the reasons explained below, Defendant's Motion to Reopen will be dismissed.

### I. Background

Defendant and codefendants were indicted in this case on August 28, 2019.[2] In an April 6, 2022, Superseding Indictment,

---

[1] Judgment in a Criminal Case, Docket Entry No. 250, pp. 1-3. All page number citations are to the pagination imprinted by the federal court's electronic filing system at the top of the document.

[2] Indictment, Docket Entry No. 1.

Defendant was charged with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count 1), eight counts of health care fraud in violation of 18 U.S.C. § 1347 (Counts 2 through 9), and one count of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 (Count 16).[3]  Defendant chose to go to trial and was ultimately convicted on all counts.[4]  Upon his guilty verdict, this court sentenced Defendant to 120 months in prison.[5]

Defendant appealed his sentence to the Fifth Circuit, arguing that the court incorrectly applied the enhancements under U.S.S.G. § 2B1.1(b)(2)(A)(i) for an offense involving more than 10 victims and under U.S.S.G. § 2B1.1(b)(11)(C)(i) for unauthorized use of a means of identification unlawfully to obtain another means of identification.[6]  The Fifth Circuit affirmed Defendant's conviction and sentence.[7]

Defendant then filed a § 2255 motion, arguing that "the following violations deprived him of a fair trial:  (1) the Government offered evidence obtained from an unlawful search of [his business], (2) the Government concealed favorable evidence,

---

[3]Superseding Indictment, Docket Entry No. 119, pp. 5, 10-12.

[4]Verdict, Docket Entry No. 161, pp. 3-5; Judgment in a Criminal Case, Docket Entry No. 250, pp. 1-2.

[5]Judgment in a Criminal Case, Docket Entry No. 250, p. 3.

[6]Opinion of the Fifth Circuit Court of Appeals, Docket Entry No. 364, p. 2.

[7]Id. at 3.

i.e. the amount of money a coconspirator made from the fraud, (3) [the FBI] abused [its] power, (4) the Government entered unlawful plea agreements with [Defendant's] codefendants, (5) the Government made racist remarks in its closing arguments, (6) the evidence was insufficient to convict [Defendant], (7) [Defendant's] trial and appellate counsel were ineffective, and (8) [Defendant's] speedy trial rights were violated."[8] After carefully considering Defendant's claim that he received ineffective assistance of counsel, the court found that Defendant's counsel "investigated the charges and evidence against [Defendant], he communicated the Government's plea offer to [Defendant], and he ably represented [Defendant] at trial."[9] After carefully considering Defendant's remaining claims, the court found that they were "meritless and mostly procedurally defaulted."[10] The court denied Defendant's § 2255 motion and denied a certificate of appealability ("COA").[11] Defendant appealed the court's decision to deny a certificate of appealability.[12] The Fifth Circuit denied Defendant's motion for a COA.[13]

---

[8]Memorandum Opinion and Order, Docket Entry No. 396, pp. 13-14.

[9]Id. at 43.

[10]Id.

[11]Id.

[12]Notice of Appeal, Docket Entry No. 399, p. 1.

[13]Order of the Fifth Circuit Court of Appeals, Docket Entry No. 418, p. 3.

On March 17, 2025, Defendant filed a Motion to Reopen his habeas proceedings.[14]

## II. Analysis

Defendant has filed a motion to reopen his habeas proceedings, arguing that there were procedural defects in his habeas proceedings because (1) a procedural error occurred when the Court of Appeals denied a COA without fully considering whether the issues were debatable among jurists, and (2) his Sixth Amendment rights were violated when his counsel did not raise a selective prosecution challenge and failed to challenge an illegal search.[15]

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"  Kemp v. United States, 142 S. Ct. 1856, 1861 (2022) (quoting Gonzalez v. Crosby, 125 S. Ct. 2641, 2645 (2005)).  However, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts lack jurisdiction to hear a successive habeas motion unless there is "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) [when there is] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

---

[14]Defendant's Motion to Reopen, Docket Entry No. 410.

[15]Id. at 5, 16, 19.

Court, that was previously unavailable." In re Robinson, 917 F.3d 856, 861-62 (5th Cir. 2019) (quoting 28 U.S.C. § 2255(h)); United States v. Vialva, 904 F.3d 356, 360 (5th Cir. 2018). "'Because of the comparative leniency of Rule 60(b) [as compared to AEDPA], petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions.'" Robinson, 917 F.3d at 862 (quoting In re Edwards, 865 F.3d 197, 203 (5th Cir. 2017)). "Accordingly '[a] federal court examining a Rule 60(b) motion should determine whether it either: (1) presents a new habeas claim . . . or (2) attacks the federal court's previous resolution of a claim on the merits.'" Id. at 863 (quoting Edwards, 865 F.3d at 203). "A 'Rule 60(b) motion [that] does either . . . should be treated as a second-or-successive habeas petition.'" Id. at 863 (quoting Edwards, 865 F.3d at 204). Therefore, "to bring a proper Rule 60(b) claim, a movant must show 'a non-merits-based defect in the district court's earlier decision on the federal habeas petition.'" Id. at 862 (quoting Edwards, 865 F.3d at 204).

A.  **A Rule 60(b) motion cannot be used to seek reconsideration of a decision made by a different court.**

Defendant argues that the Fifth Circuit's "COA denial process was flawed in a manner that amounts to a defect in the integrity of the habeas proceedings."[16]

---

[16] Id. at 9.

However, Rule 60(b) only "allows a district court to correct its own ruling prior to appeal, not those of another court." Estes v. Ramirez, Civil Action No. 7:14-CV-69, 2014 WL 11698007, at *11 (S.D. Tex. June 13, 2014). Unless a defendant is seeking relief from a default judgment issued by another court under Rule 60(b)(4), relief under Rule 60(b) must be "sought in the court that rendered the judgment at issue." Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 394 (5th Cir. 2001).

Because Rule 60(b) provides no authority for this court "to set aside an order issued by the Fifth Circuit," the court "lacks jurisdiction to grant the relief request by [D]efendant." United States v. Edmonds, Nos. 3:98-CR-0370-M, 3:02-CV-2132-M, 2011 WL 623114, at *1 (N.D. Tex. Jan. 24, 2011).

**B.   Defendant presents new and successive claims regarding his Sixth Amendment right to effective assistance of counsel.**

In his motion to reopen habeas proceedings, Defendant argues that there was a procedural defect in his habeas proceedings because his Sixth Amendment rights were violated when (1) his counsel did not raise a selective prosecution challenge and (2) his counsel failed to challenge an illegal search.[17]

Defendant's Rule 60(b) motion is a successive habeas petition. First, Defendant's claim that his counsel failed to raise a selective prosecution challenge was not raised in his § 2255 motion

---

[17]Id. at 5, 16, 19.

and is therefore a "new habeas claim."[18] Robinson, 917 F.3d at 863. Additionally, Defendant's claim that his counsel failed to challenge an illegal search is merely an attack on this court's "'previous resolution of a claim on the merits.'"[19] Id. (quoting Edwards, 865 F.3d at 203-04). Therefore, because Defendant presents "a new habeas claim," and a claim that attacks this court's "'previous resolution of a claim on the merits,'" his Rule 60(b) motion "'should be treated as a second-or-successive habeas petition.'" Id.

---

[18]Defendant argues that there is new evidence to support his claim that his counsel was ineffective. Id. at 16, 21-22. However, Defendant offers no proof of this claim. Additionally, even if Defendant had new evidence, he must first present the evidence to a panel of the Fifth Circuit to certify that it meets the requirements to permit a successive § 2255 motion. 28 U.S.C. § 2255(h).

Defendant argues that the court "swept aside" his claim that his counsel failed to raise a selective prosecution claim. Defendant's Motion to Reopen, Docket Entry No. 410, p. 18. Defendant never alleged this claim in his § 2255 motion. See Order of the Fifth Circuit Court of Appeals, Docket Entry No. 418, p. 2 ("Furthermore, because he raises his claim that the Government selectively and vindictively prosecuted him for the first time in his COA pleadings, [the Fifth Circuit] lacks jurisdiction to consider it.").

[19]Defendant raised this argument in his § 2255 motion. Defendant's Motion to Vacate, Set Aside or Correct a Sentence Under 18 U.S.C. Section 2255, Docket Entry No. 373, pp. 22-23. Defendant argues that there was a procedural defect in his habeas proceedings because the court failed to address his claim that his counsel failed to investigate an illegal search. Defendant's Motion to Reopen, Docket Entry No. 410, p. 23. However, the court did address this claim in its order denying Defendant's § 2255 motion. Memorandum Opinion and Order, Docket Entry No. 396, p. 29 ("The court concludes that it was not deficient for Saper to forego filing a motion to suppress.").

Because Defendant's Motion to Reopen is a second-or-successive habeas petition, this court does not have jurisdiction. <u>United States v. Vialva,</u> 904 F.3d at 360.

### III.  Conclusion and Order

For the reasons explained above, Defendant's Rule 60(b) Motion to Reopen § 2255 Proceedings (Docket Entry No. 410) is **DISMISSED** for a lack of jurisdiction.

**SIGNED** at Houston, Texas, on this 14th day of January, 2026.

-----

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE